## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KENNETH L. MOORE,
　　　　　Appellant,

　　　　v.

UNITED STATES POSTAL SERVICE,
　　　　　Agency.

DOCKET NUMBER
DE-0752-15-0552-C-1

DATE: March 18, 2022

# THIS ORDER IS NONPRECEDENTIAL[1]

Kenneth L. Moore, Colorado Springs, Colorado, pro se.

Alex Rivera, Esquire, Denver, Colorado, for the agency.

### BEFORE

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

### ORDER

¶1　　The appellant has filed a petition for review of the compliance initial decision, which denied his petition for enforcement for failing to show noncompliance with the administrative judge's order to cancel the appellant's removal, retroactively restore him to his position, pay him appropriate back pay, and adjust his benefits. For the reasons discussed below, we GRANT the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

appellant's compliance petition for review. We AFFIRM the compliance initial decision as to the finding that the appellant is not entitled to back pay or the restoration of additional annual leave, as MODIFIED to clarify the basis for the agency's annual leave calculations. However, we REVERSE the finding of compliance as to the appellant's Federal Employees' Retirement System (FERS) retirement account and ORDER the agency to file evidence of compliance within 45 days.

## BACKGROUND

¶2      The appellant filed an appeal challenging his removal. *Moore v. U.S. Postal Service*, MSPB Docket No. DE-0752-15-0552-I-1, Initial Appeal File (IAF), Tab 1. The administrative judge reversed the appellant's removal and ordered the agency to retroactively restore him to his position, effective August 7, 2015, to pay him appropriate back pay, and to adjust his benefits.[2] IAF, Tab 19, Initial Decision (ID) at 1, 3-4, 13-14. The initial decision became final on December 30, 2015, after neither party filed a petition for review. ID at 16.

¶3      On December 3 and 14, 2015, the agency mailed the appellant letters ordering him to return to duty. *Moore v. U.S. Postal Service*, MSPB Docket No. DE-0752-15-0552-C-1, Compliance File (CF), Tab 5 at 11-15. Throughout December 2015, the appellant's supervisor also left him voicemail messages ordering him to return to duty. *Id.* at 10. The appellant, however, did not report and told the agency that he was not ready, willing, and able to work during the back pay period due to his medical conditions. CF, Tab 5 at 137, Tab 10 at 16. The agency notified him that if he was not ready, willing, and able to work, he would not be entitled to back pay and that he would not receive any compensation during that period, unless he used earned annual or sick leave. *Id.* He nonetheless declined to buy back the annual leave that the agency had paid him

---

[2] The Back Pay Act applies to the appellant because he is a preference-eligible veteran. IAF, Tab 7 at 11; *Moore v. U.S. Postal Service*, 83 M.S.P.R. 533, ¶ 10 (1999).

upon his August 7, 2015 removal, or to use his sick leave. CF, Tab 1 at 33, Tab 10 at 16.

¶4    On April 8, 2016, the appellant filed a petition for enforcement, alleging that the agency "took 152 hours of [his] annual leave," rather than pay him back pay, as ordered; did not reinstate him in December 2015; and failed to restore his retirement account. CF, Tab 1 at 28-29, 33. The administrative judge issued an initial decision denying the appellant's petition for enforcement, finding that the agency was in compliance with the reinstatement and back pay orders. CF, Tab 13, Compliance Initial Decision (CID) at 1, 6. He found that the appellant was not entitled to back pay because, upon his own admission, he was not ready, willing, and able to work, and that the agency fulfilled its obligation to reinstate him by instructing him to return to duty in December 2015. CID at 2-5. He further found that the appellant did not have any annual leave to restore because the agency had properly paid him for all of it upon his removal and he declined to repay the money. CID at 5. Neither the administrative judge nor the agency directly addressed the appellant's claims concerning his retirement benefits.

¶5    The appellant has filed a petition for review, to which the agency has submitted a response. Compliance Petition for Review (CPFR) File, Tabs 1, 5. The Clerk of the Board issued an order seeking evidence regarding the agency's recrediting of the appellant's annual leave. CPFR File, Tab 6. The agency has filed a response. CPFR File, Tab 7.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6    The Board has jurisdiction to consider an appellant's claim of agency noncompliance with a Board order. *Kerr v. National Endowment for the Arts*, 726 F.2d 730, 733 (Fed. Cir. 1984). An agency bears the burden of proving its compliance with a Board order. *Pernell v. Department of Veterans Affairs*, 118 M.S.P.R. 15, ¶ 7 (2012). The agency's assertions of compliance must be

supported by relevant, material, and credible evidence in the form of documentation or affidavits. *Id.*

<u>The appellant has shown no error in the administrative judge's finding that the agency fulfilled its back pay and reinstatement obligations.</u>

¶7         The appellant continues to argue that the agency denied him back pay in accordance with the administrative judge's order. CPFR File, Tab 1 at 13. As stated by the administrative judge, an appellant's back pay award is predicated upon him being ready, willing, and able to work during the back pay period. CID at 4-5; *see* 5 C.F.R. § 550.805(c)(1) (specifying that a back pay award may not include any period during which an employee was not ready, willing, and able to perform his duties because of an incapacitating illness or injury). The agency provided documentation, wherein the appellant admitted that he was not ready, willing, and able to work during the period for which back pay was claimed. IAF, Tab 10 at 16. The appellant's own admissions and medical documentation further substantiate the agency's claim. CPFR File, Tab 1 at 2-4, 10; CF, Tab 1 at 9-13. Although the appellant alleges that the agency improperly instructed him to sign a back pay worksheet that he did not complete, he has not explained how this affected his relief. CPFR File, Tab 1 at 7, 13. Therefore, this alleged error is not a basis to grant review. *See Forte v. Department of the Navy*, 123 M.S.P.R. 124, ¶ 9 (2016) (explaining that an appellant seeking reversal of an adverse action based on a procedural error must prove that the error was likely to have caused the agency to reach a different conclusion than if there were no such error). Thus, as the administrative judge correctly found, the appellant was not entitled to back pay because he was not ready, willing, and able to work. CID at 5.

¶8         Moreover, the appellant's challenge to the administrative judge's finding that the agency reinstated him in December 2015 does not provide a basis for finding otherwise. CID at 2-4; CPFR File, Tab 1 at 4. The appellant claims that he was not reinstated in December 2015, as he did not resume receiving pay stubs until January 9, 2016. CPFR File, Tab 1 at 4. But, he does not rebut the agency's

argument and evidence that it cancelled the removal action; contacted him multiple times, by letter and telephone in December 2015, ordering him to return to duty in his position of record; and returned him to pay status in January 2016.[3] CF, Tab 1 at 42, Tab 5 at 10-15, 135. Thus, we agree with the administrative judge that the agency reinstated the appellant. CID at 2-3; *see Mann v. Veterans Administration*, 29 M.S.P.R. 271, 274-75 (1985) (finding that to be in compliance with a Board order to reinstate an employee, an agency generally must return him to his former position). Even if the appellant were not reinstated until he received his January 9, 2016 pay stub, he has failed to show that he suffered any loss of pay or benefits because he declined to return to work throughout January 2016. CPFR File, Tab 1 at 2-4, 10; CF, Tab 1 at 9-13.

The appellant has shown no error in the administrative judge's finding that the agency complied with its obligations as to his leave balances.

¶9        The appellant also continues to assert that the agency wrongfully took "152 hours of annual leave," and that he should not have to buy it back because he never used or was paid for that leave.[4] CPFR File, Tab 1 at 2. In response to the Clerk's order, the agency clarified that the terminal leave payment issued to the appellant on September 25, 2015, covered the entirety of the annual leave that he had earned as of his August 7, 2015 removal, or 368.01 hours. CPFR File,

---

[3] On January 28, 2016, the agency issued the appellant a new proposed removal related to his failure to return to work in December 2015, as instructed. CF, Tab 1 at 4-8. The appellant attached to his compliance petition for review the agency's June 3, 2016 decision to rescind this subsequent proposed removal. CPFR File, Tab 1 at 6. He also appears to dispute the merits of the subsequent removal. *Id.* at 7. We need not address that matter here. As the administrative judge correctly stated, if the agency effects the proposed removal or takes any other chapter 75 adverse action against the appellant, he may wish to file a separate Board appeal challenging such action. CID at 4.

[4] The appellant also alleges that the agency improperly placed him in leave without pay status, instead of granting him sick leave, prior to the August 7, 2015 effective date of his removal. CPFR File, Tab 1 at 2-4. We need not address this claim because the Board's authority to make an aggrieved employee whole under the Back Pay Act extends only to the effective date of the reversed adverse action. *Rittgers v. Department of the Army*, 123 M.S.P.R. 31, ¶ 8 (2015).

Tab 7 at 6-7. The appellant was not entitled to the additional 152 hours he references because those hours appear to represent advanced annual leave that he had not yet earned as of his removal. *Id.*

¶10　　　Given that the appellant had been paid out for all 368.01 hours of earned annual leave, he was required to reimburse the agency for that leave to have it restored. *Id.* at 7; *see O'Connell v. Department of the Navy*, 73 M.S.P.R. 235, 237-40 (1997) (observing that an agency properly offset from an appellant's back pay award the cash value of the leave the agency paid out to him upon separation and then recredited on his reinstatement); 5 C.F.R. § 550.805(e)(iv), (g) (instructing an agency to deduct lump sum annual leave payments from a back pay award and restore the leave to the employee). But, the appellant declined to do so. CPFR File, Tab 1 at 2; CID at 5. As such, he had no earned annual leave at the time of his separation, and he accrued no additional leave during the back pay period because he was not ready, willing, and able to work, as explained above. Accordingly, there was no annual leave with which to recredit him.

¶11　　　In addition, the agency advanced the appellant the correct number of leave hours upon his reinstatement, although that balance has decreased as the appellant has failed to earn this advanced leave. CPFR File, Tab 7 at 8; CF, Tab 1 at 39, 41-42. Therefore, we discern no error in the administrative judge's finding that the agency fulfilled its obligations regarding the appellant's leave balances.

The agency has not fully complied with the administrative judge's order as to the appellant's FERS retirement contributions.

¶12　　　As argued below, the appellant contends on review that the agency has not recredited him with his FERS retirement contributions because his leave and earning statements show a balance of zero. CPFR File, Tab 1 at 13-15; CF, Tab 1 at 33. In support, he provided the final pay stub that he received before his removal, from pay period 20 of 2015, which reflected a FERS retirement contribution balance of $3,715.17. CF, Tab 1 at 39. He also submitted pay stubs from after his reinstatement, which reflect a FERS retirement contribution

balance of ".00." *Id.* at 41-42. The appellant informed the agency that he did not receive an annuity payment or voluntarily withdraw his retirement contributions during the agency's processing of his back pay. CF, Tab 10 at 18.

¶13    The agency has not disputed, or otherwise addressed, the appellant's claims as to the restoration of his FERS retirement contributions. CPFR File, Tabs 5, 7; CF, Tabs 5, 10-11. Similarly, the administrative judge did not address this allegation in the compliance initial decision. Thus, we find that the agency has not complied with the administrative judge's order. *See Gallagher v. Department of the Army*, 59 M.S.P.R. 379, 384-85 (1993) (finding that the agency's failure to ensure that an appellant's leave and earning statement accurately reflected his retirement contributions constituted noncompliance with the back pay award provision in a settlement agreement, even though the agency assured the appellant and the Board that he had not lost his retirement contributions).

¶14    Because we have found the agency in noncompliance, the agency is being directed to file evidence of compliance with the Clerk of the Board, and the appellant will be afforded the opportunity to respond to that evidence. The appellant's petition for enforcement will be referred to the Board's Office of General Counsel, and depending on the nature of the submissions, an attorney with the Office of General Counsel may contact the parties to further discuss the compliance process. The parties are required to cooperate with that individual in good faith. Because the purpose of the proceeding is to obtain compliance, when appropriate, an Office of General Counsel attorney or paralegal may engage in ex parte communications to, among other things, better understand the evidence of compliance and/or any objections to that evidence. Thereafter, the Board will issue a final decision fully addressing the appellant's petition for review of the compliance initial decision and setting forth the appellant's further appeal rights and the right to attorney fees, if applicable.

**ORDER**

¶15     We ORDER the agency to submit to the Clerk of the Board within 45 days of the date of this decision satisfactory evidence of compliance with this decision. This evidence shall adhere to the requirements set forth in 5 C.F.R. § 1201.183(a)(6)(i), including submission of evidence and a narrative statement of compliance. The agency's submission must include proof of the amount of FERS retirement contributions it restored to the appellant and how it arrived at that figure, including an accounting of any credits or deductions following the August 7, 2015 removal action. The agency must also provide evidence that the appellant's leave and earning statements accurately reflect his FERS retirement contributions.

¶16     We ORDER the appellant to cooperate in good faith in the agency's efforts to determine the cumulative amount of his FERS retirement contributions and to provide all necessary information the agency requests to help it carry out the Board's Order. The agency must serve all parties with copies of its submission.

¶17     **The Board will assign a new docket number to this matter, DE-0752-15-0552-X-1.** All subsequent filings should refer to the new docket number set forth above and should be faxed to (202) 653-7130 or mailed to the following address:

Clerk of the Board
U.S. Merit Systems Protection Board
1615 M Street, N.W.
Washington, D.C.  20419

Submissions may also be made by electronic filing at the MSPB's e-Appeal site (https://e-appeal.mspb.gov) in accordance with the Board's regulation at 5 C.F.R. § 1201.14.

¶18     The appellant may respond to the agency's evidence of compliance within 20 days of the date of service of the agency's submission. 5 C.F.R. § 1201.183(a)(8). If the appellant does not respond to the agency's evidence of compliance, the Board may assume that he is satisfied with the agency's action and dismiss the petition for enforcement.

¶19     The agency is reminded that, if it fails to provide adequate evidence of compliance, the responsible agency official and the agency's representative may be required to appear before the General Counsel of the Merit Systems Protection Board to show cause why the Board should not impose sanctions for the agency's noncompliance in this case.  5 C.F.R. § 1201.183(c).  The Board's authority to impose sanctions includes the authority to order that the responsible agency official "shall not be entitled to receive payment for service as an employee during any period that the order has not been complied with."  5 U.S.C. § 1204(e)(2)(A).

¶20     This Order does not constitute a final order and is therefore not subject to judicial review under 5 U.S.C. § 7703(a)(1).  Upon final resolution of the remaining issues in this petition for enforcement by the Board, a final order shall be issued which shall be subject to judicial review.


FOR THE BOARD:                    /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.